UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

KELLY MCCOY,

     Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, KELLY MCCOY, is a citizen of Pennsylvania.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line (hereinafter "DISNEY") is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Middle District of Florida, as required by the

forum selection clause contained within the Cruise Ticket Contract issued by Defendant.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

   f. Issued a cruise line ticket to the Plaintiff that requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## **FACTS COMMON TO ALL COUNTS**

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Disney Treasure.*

8. At all times material hereto, Defendant had exclusive custody and control of the *Disney Treasure.*

9. On or about June 9, 2025, the Plaintiff was a paying passenger aboard the *Disney Treasure*, which at all times material was in navigable waters.

10. On or about June 9, 2025, while aboard the *Disney Treasure*, the Plaintiff went to the Scat Cat Lounge which was dimly lit with limited walkway space for passengers including the Plaintiff.

11. As the Plaintiff attempted to locate seating in the lounge, she tripped and fell over a low platform step that contained the same design and pattern as the flooring surface, but was not marked. As a result, the Plaintiff could not distinguish or appreciate the flooring surface's change in elevation when she tripped and fell over the subject inconspicuous platform step near the stage.

12. The Plaintiff sustained severe injuries including, but not limited to, a right arm fracture.

13. The subject platform step and tripping hazard was not open and obvious. The Plaintiff had no way of knowing the existence of the tripping hazard and/or unsafe flooring condition.  Due to the unmarked change in elevation and dim lighting, the Plaintiff was unable to observe the step before her fall. As such, the Plaintiff was unable to prevent her incident.

14. Defendant created the dangerous condition and had actual and/or constructive knowledge of the dangerous conditions because Defendant designed and constructed the subject area without regard for passenger safety in light of the subject area's intended purpose, anticipated crowds of passengers, and limited walkway space in the lounge.

15. Prior to the subject incident, Defendant maintained the Scat Cat Lounge with dim lighting while knowing passengers would gather there with a tripping

hazard that was dangerous and/or could cause injury to passengers.

16. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or through (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar tripping hazard aboard its vessels, including the subject vessel.  Additionally, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them, warned about them and corrected them.

### COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

17. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are reasonably expected to be.

19. On or about June 9, 2025, Plaintiff was in the Scat Cat Lounge, which is a place that Defendant reasonably expected Plaintiff to be in during the cruise.

LIPCON, MARGULIES & WINKLEMAN, P.A.

20.     On or about June 9, 2025, Defendant through its crew, agents, employees, staff or representatives breached its duty to warn Plaintiff in one or more of the following ways:

a.  Failure to warn of the tripping hazard and change in elevation in the subject area;

b.  Failure to verbally warn and/or place warning signs on or around the tripping hazard or flooring surface in the subject area;

c.  Failure to block off or place a caution sign so as to warn passengers including Plaintiff of the tripping hazard in the subject area;

d.  Failure to mark the subject area so as to warn passengers, including the Plaintiff, of the dangerous condition;

e.  Failure to warn the Plaintiff that there would be inadequate space for passengers to walk; and/or

f.  Failure to warn of other accidents previously occurring involving tripping hazards in the same and similar circumstances.

21. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant adequately warned the foregoing to the Plaintiff.

22.     At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not warn about them.

23. The Defendant was on notice of the dangerous condition aboard the *Disney Treasure*, which caused Plaintiff's incident because the unmarked platform step of the stage is a permanent fixture and its dangerous flooring conditions existed for a sufficient length of time so that in the exercise of reasonable care under the circumstances, it would have learned of them and should have warned Plaintiff of.

LIPCON, MARGULIES & WINKLEMAN, P.A.

24.      Additionally, Defendant's knowledge was or should have been acquired through prior incident(s) involving trip and falls due to unmarked and/or concealed changes in elevation. *See* Co*lon v. Magical Cruise Company, Limited d/b/a Disney Cruise Line*, Case No. 6:25-cv-729-PGB (M.D. Fla. 2025) (On or about May 7, 2024, a passenger was injured when she tripped over an inconspicuous step near the dimly lit theater's stage while aboard the *Disney Wonder*).

25.As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

<u>**COUNT II – NEGLIGENT DESIGN, CONSTRUCTION, AND SELECTION OF MATERIALS**</u>

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

26.      At all times material hereto, it was the non-delegable duty of

LIPCON, MARGULIES & WINKLEMAN, P.A.

Defendant to provide Plaintiff with reasonable care under the circumstances, including the duty to design, construct and select materials for all areas and features of its vessels, including the subject area, in a reasonably safe manner, with reasonable safeguards, and in accordance with industry standards.

27. Defendant custom designed and custom built the Scat Cat Lounge to Defendant's specifications. Defendant participated in and/or approved of the design of the subject area including the subject platform step, stage, and adjacent furniture. Defendant participated in and/or approved of the selection of materials for the subject area including the shape and color pattern of the platform step, stage, adjacent furniture, and walkway. At all times material, Defendant had the ultimate control over the design and construction of the *Disney Treasure* including the Scat Cat Lounge. Defendant had the right to inspect the design plans before and during construction. Defendant had the right to approve or reject the design, construction and selection of all materials to construct all aspects of the vessel including the Scat Cat Lounge. Defendant had the right to withhold payment if an item or design is rejected or at issue and not resolved. Defendant approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that Defendant has operated and maintained the ship continuously since its construction and launch.

28. Defendant and its designers, contractors and construction personnel failed to consider the inherently unsafe features of the subject area's platform step, stage, and surrounding walkway.

LIPCON, MARGULIES & WINKLEMAN, P.A.

29.    After construction of the subject area, Defendant either knew or should have known that the poor design, construction, and/or selection of flooring materials for the platform step, stage, and surrounding walkway was a danger to passengers walking about the vessel. Defendant should have changed the design and/or construction of the platform step, stage, and surrounding walking.

30.    Notwithstanding its duty to design, construct and select materials to create a reasonably safe area with which to walk aboard the vessel, with reasonable safeguards, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through negligent acts and/or omissions that include, but were not limited to:

    a. Failure to properly design the subject platform step and stage in compliance with industry safety standards;

    b. Failing to properly design the subject walkway in compliance with industry safety standards;

    c. Failing to select and/or approve adequate flooring materials and flooring designs for the subject platform step, stage, and walkway in light of its intended purpose and use; and/or

    d. Failure to incorporate applicable standards, including the ASTM F 1166, to changes in level open to passengers like the Plaintiff.

31. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the incident because Plaintiff's incident would not have occurred but for the above acts and/or omissions.

LIPCON, MARGULIES & WINKLEMAN, P.A.

32. The Defendant was on notice of the dangerous condition aboard the *Disney Treasure*, which caused Plaintiff's incident because the unmarked platform step of the stage is a permanent fixture, and through its maintenance and inspection of the subject area should have known that the foregoing dangerous conditions existed for a sufficient length of time so that in the exercise of reasonable care under the circumstances, it would have learned of them and corrected them.

33. Additionally, Defendant's knowledge was or should have been acquired through prior incident(s) involving trip and falls due to unmarked and/or concealed changes in elevation. *See* C*olon v. Magical Cruise Company, Limited d/b/a Disney Cruise Line*, Case No. 6:25-cv-729-PGB (M.D. Fla. 2025) (On or about May 7, 2024, a passenger was injured when she tripped over an inconspicuous step near the dimly lit theater's stage while aboard the *Disney Wonder*).

34.    As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages

LIPCON, MARGULIES & WINKLEMAN, P.A.

recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

35. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

36. At all times material, Defendant through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failure to identify and correct the tripping hazard in the subject area;

   b. Failure to provide passengers, including Plaintiff, with a reasonably safe area to walk in the subject area;

   c. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe area to walk in the subject area;

   d. Failure to provide proper and/or sufficient warnings to passengers, including Plaintiff, of the tripping hazard in the subject area;

   e. Failing to provide passengers with adequate walkway space to avoid overcrowding in the subject area;

   f. Failing to ensure passengers maintained a reasonable distance between themselves and the stage;

   g. Failing to ensure passengers maintained a reasonable distance between themselves and the subject platform step;

   h. Failing to provide adequate lighting in subject area at the time of the incident;

LIPCON, MARGULIES & WINKLEMAN, P.A.

i. Failing to ensure the subject area would not become overcrowded at the time of the subject incident;

j. Failure to promulgate and/or enforce adequate policies and procedures to ensure that debarkation is conducted in a reasonably safe manner so as to eliminate, modify and/or remedy the hazard(s) which caused Plaintiff's incident; and/or

k. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident.

37.     All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the incident because Plaintiff's incident would not have occurred but for the above acts and/or omissions.

38.     The Defendant was on notice of the dangerous condition aboard the *Disney Treasure*, which caused Plaintiff's incident because the unmarked platform step of the stage is a permanent fixture, and through its maintenance and inspection of the subject area should have known that the foregoing dangerous conditions existed for a sufficient length of time so that in the exercise of reasonable care under the circumstances, it would have learned of them and corrected them.

39.     Additionally, Defendant's knowledge was or should have been acquired through prior incident(s) involving trip and falls due to unmarked and/or concealed changes in elevation. *See Colon v. Magical Cruise Company, Limited d/b/a Disney Cruise Line*, Case No. 6:25-cv-729-PGB (M.D. Fla. 2025) (On or

about May 7, 2024, a passenger was injured when she tripped over an inconspicuous step near the dimly lit theater's stage while aboard the *Disney Wonder*).

40.      As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: May 15, 2026.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd, Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Stefanie A. Black*
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com